**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BANK OF NEW YORK MELLON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:13-CV-903-N-BH** |
| | ) | |
| **AUDREY COLEMAN** | ) | |
| | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this *pro se in forma pauperis* case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, this Court lacks jurisdiction and the case should be **REMANDED** to the state court.

## I. BACKGROUND

This case arises from the foreclosure of real property located at 623 Sotogrande Street, Grand Prairie, Texas, 75051 (the Property). (*See* doc. 3 at 2.)[1] On February 27, 2013, Audrey Coleman (Defendant) filed a notice of removal of a forcible detainer action, Cause No. CC-11-08799-D in County Court at Law No. 4, to the federal district court for the Northern District of Texas on grounds of federal question and diversity jurisdiction. (*Id.* at 1-2.) The notice states that Defendant is "enjoining this Notice of Removal to case no. 3:12-CV-4783-M-BH", which is currently pending in this district.

In her other case, Defendant sues Bank of New York Mellon, as trustee for the Certificateholders of CWABS, Inc., Asset-backed Certificates, Series 2007-6 (Mellon), Bank of America, N.A. (BOA), Mortgage Electronic Registration Systems, Inc. (MERS), Recontrust

---

[1] Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

Company, N.A. (Recontrust), Gabriel Ozel and Pite Duncan, LLP (Pite Duncan), Blank Rome

Counselors at Law, LLP (Blank Rome), and Prudential Lone Star Realtors/Pat Watson-Capps,

C.R.S. (Prudential) (collectively, Defendants).  (*See* 3:12-cv-4783-M, doc. 3 at 1–3.)  She asserts

claims for violations of § 12.002 of the Texas Civil Practice and Remedies Code; unjust

enrichment; negligent misrepresentation; fraudulent misrepresentation; slander of title/petition to

quiet title; violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692;

violations of the Real Estate Settlement Procedure Act (RESPA), 12 U.S.C. § 2601 *et seq.*; and

negligent supervision.  (*Id.* at 15–20.)  She also appears to assert claims for wrongful

foreclosure, wrongful eviction, and violations of the Truth in Lending Act, the Federal Trade

Commission Act, and the Fair Credit Reporting Act.  (*See id.* at 12–14, 19.)  She has also filed a

motion for a temporary restraining order and preliminary injunction in that case to "restrain" the

defendants "from forcibly seizing the Property."  (*See* doc. 37 at 10.)

## II.  JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power

authorized by Constitution and statute, which is not to be expanded by judicial decree."

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They

"must presume that a suit lies outside this limited jurisdiction, and the burden of establishing

federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*,

243 F.3d 912, 916 (5th Cir. 2001).  Courts have "a continuing obligation to examine the basis for

their jurisdiction."  *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

They may *sua sponte* raise the jurisdictional issue at any time.  *Id.*; *EEOC v. Agro Distrib., LLC*,

555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a

court must consider *sua sponte* whether jurisdiction is proper).  Accordingly, the Court must *sua sponte* determine whether it has jurisdiction over this removed case.

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a).  A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331.  Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00 exclusive of interests and costs, and there is diversity of citizenship. *Id.* § 1332(a).  "The removing party bears the burden of showing that federal question jurisdiction exists and that removal was proper."  *Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002).  "[A]ny doubt about the propriety of removal must be resolved in favor of remand."  *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir.2007).

## A.   <u>Federal Question Jurisdiction</u>

In her notice of removal, Defendant alleges federal question jurisdiction exists over this forcible detainer action because this case involves "the taking of real property without due process"[2] and because her civil rights were violated when she were not granted a jury trial. (doc. 3 at 2.)

Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  A federal question is presented when "a

---

[2]The Fourteenth Amendment provides in relevant part, "nor shall any State deprive any person of life, liberty, or property, without due process of law ...."  U.S. CONST. amend. XIV, § 2.

well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duan Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008).  To determine whether resolution of a substantial question of federal law is necessary, courts must determine whether "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.* at 338.

It is "not sufficient for the federal question to be raised in the answer or in the petition for removal." *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002), *cert. denied*, 537 U.S. 1046 (2002).  "[T]here is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Id.*; *see also Caterpillar*, 482 U.S. at 393 (holding that "a case may *not* be removed to federal court on the basis of a federal defense ... even if the defense is anticipated in the plaintiff's complaint") (emphasis in original); *see also Fed. Nat. Mortg. Ass'n*, 2010 WL 4627833, at *3 (holding that even if a federal statute "supplied a federal defense" for the plaintiff in a foreclosure action, "it would still be insufficient for federal jurisdiction because [the] *Plaintiff's pleadings* must raise the federal claim or issue") (emphasis in original).  A post-foreclosure action for forcible detainer and writ of possession arises solely under state law and does not provide a basis for federal jurisdiction. *See Fed. Nat. Mortg. Ass'n v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *4 (N.D. Tex. Nov. 16, 2010) (holding that a forcible detainer action to evict residents and obtain physical possession of property under Tex. Prop. Code § 24.004 does not raise a federal claim or provide basis for federal question jurisdiction).

Here, Defendant has not shown that her constitutional claims were raised in the forcible

4

detainer petition.[3]  Any constitutional claims in her notice of removal therefore cannot provide the basis for federal question jurisdiction.

**B.**     **Diversity Jurisdiction**

Defendant also asserts that federal jurisdiction exists based on diversity of citizenship. (doc. 3 at 2-3.)

**1.** *Citizenship*

A case removed under § 1332 must have complete diversity of citizenship.  *Lincoln Property Co. v. Roche,* 546 U.S. 81, 84 (2005).  "Complete diversity" means that a plaintiff may not share citizenship with any defendant.  *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir.1992). A party asserting diversity jurisdiction must "distinctly and affirmatively" allege the citizenship of the parties.  *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir.1988) (citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 803, 805 (5th Cir. 1991)). Defendant's notice of removal does "distinctly and affirmatively" allege the plaintiff's citizenship and her own, so she has met her burden to show diversity of citizenship.

**2.** *Amount in Controversy*

The amount-in-controversy threshold is a necessary element of subject-matter jurisdiction and must also be met before a federal court properly exercises diversity jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The defendant, as the removing party, bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).  The removing party

---

[3]Defendant's notice of removal does not comply with Local Rule 81.1 of the Local Civil Rules for the Northern District of Texas. It does not contain an index of the documents filed in the state court action, a copy of the docket sheet, and copies of each document filed in the state court action.

may satisfy this burden by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or by setting forth the facts in controversy that support a finding of the requisite amount. *Allen v. R & H Oil & gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

In the context of forcible detainer actions involving foreclosed property, courts have held that the amount in controversy is not the value of the property, but rather, the value of the right of possession.  *See Fed. Nat. Mortg. Ass'n v. Talley*, No. 3:12-CV-1967-N-BH, 2012 WL 4005910, at *2 (N.D. Tex. Aug. 16, 2012) (collecting cases), *recommendation adopted*, 2012 WL 4005760 (N.D. Tex. Sept. 11, 2012).  By contrast, when the loss of title to property is at issue, the property itself is the object of the litigation and its value is the proper measure of the amount in controversy.  *Burr v. JP Morgan Chase Bank, N.A.*, No. 4:11-CV-03519, 2012 WL 1016121, at *3 (S.D. Tex. Mar. 23, 2012).

In this case, the only issue raised by the forcible detainer action is the right to possession. Defendant has not shown that the plaintiff seeks money damages, disputes the title to property, or seeks any debt related to the property in that action, so she cannot show that the amount in controversy requirement for diversity jurisdiction has been met for *this* case.  Consequently, she has not shown a basis for the exercise of subject-matter jurisdiction over this case.

### III. RECOMMENDATION

This case should be *sua sponte* **REMANDED** to the County Court at Law No. 4 of Dallas County, Texas, for lack of subject matter jurisdiction.

**SO RECOMMENDED this 4th day of March, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties
in the manner provided by law.  Any party who objects to any part of these findings, conclusions
and recommendation must file specific written objections within 14 days after being served with
a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection
must identify the specific finding or recommendation to which objection is made, state the basis
for the objection, and specify the place in the magistrate judge's findings, conclusions and
recommendation where the disputed determination is found.  An objection that merely
incorporates by reference or refers to the briefing before the magistrate judge is not specific.
Failure to file specific written objections will bar the aggrieved party from appealing the factual
findings and legal conclusions of the magistrate judge that are accepted or adopted by the district
court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79
F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE